MARC S. CWIK
Nevada Bar No. 006946
Marc.Cwik@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DOROTHY TORRES, an individual, | Case No. 2:23-cv-00399-CDS-BNW |
| Plaintiff, | **STIPULATION TO ENLARGE DISCOVERY PLAN AND SCHEDULING ORDER** |
| vs. | |
| LOWE'S COMPANIES, INC. d/b/a LOWE'S, a North Carolina Corporation; LOWE'S HOME CENTERS LLC d/b/a LOWE'S, a limited liability company; LOWE'S HOME IMPROVEMENT LLC d/b/a LOWE'S, a limited liability company; DOES I through X; and ROE ENTITIES I through X, | **(SECOND REQUEST)** |
| Defendants. | |

Pursuant to LR 16-1(a), LR 26-1, and LR 26-3, the parties, by and through their respective counsel of record, hereby stipulate and request that this Court extend all discovery dates in the above-captioned case by one-hundred twenty (120) days. This Stipulation is the parties' second request for an extension of dates. In support of this Stipulation, the parties state the following to demonstrate good cause exists to extend the dates set forth in the current Discovery Plan and Scheduling Order [ECF No. 12].

**A. PROCEDURAL HISTORY.**

1. Plaintiff Dorothy Torres ("Plaintiff") filed her Complaint in the Clark County District Court, State of Nevada, on February 10, 2023 [ECF No. 1-2].

2. The Lowe's Defendants filed their Answer to Plaintiff's Complaint in the Clark

137275465.2

County District Court, State of Nevada on March 10, 2023 [ECF No. 1-5].

3. On March 14, 2023, the Lowe's Defendants filed a Petition for Removal to this Court [ECF No. 1].

4. On April 13, 2023, the Parties filed a Joint Status Report Regarding Removal [ECF No. 7].

5. On April 20, 2023, the Parties, through their respective counsel of record, attended the Early Case Conference pursuant to FRCP 26(f) and LR-1(a).

6. On May 4, 2023, the Parties submitted their Proposed Joint Discovery Plan and Scheduling Order [ECF No. 8].

7. On May 5, 2023, this Court entered as an Order the Parties' Joint Discovery Plan and Scheduling Order [ECF No. 9].

8. On October 23, 2023, this Court entered the Parties First Stipulation to Enlarge Discovery Plain and Scheduling Order. [ECF No. 12].

9. On November 15, 2023, this Court entered an Order granting the Parties Stipulation to Dismiss Lowe's Companies, Inc. and Lowe's Home Improvement, LLC without prejudice, leaving Lowe's Home Centers. LLC as the remaining Defendant in this litigation. [ECF No. 14].

10. On January 24, 2024, the Parties filed their Agreed Order of Protection. [ECF No. 14].

**B.**     **SUMMARY OF DISCOVERY COMPLETED TO DATE AND MEET-AND-CONFER EFFORTS CONCERNING SAME.**

1. On April 20, 2023, Plaintiff served her Early Case Conference List of Witnesses and Documents, pursuant to FRCP 26(a)(1).

2. On May 11, 2023, the Lowe's Defendants served their Initial Disclosures, pursuant to FRCP 26(a)(1).

3. On May 5, 2023, 2023, the Lowe's Defendants served their First Set of

Interrogatories to Plaintiff.

4. On May 5, 2023, Lowe's Defendants served their First Set of Requests for Production to Plaintiff.

5. On May 30, 2023, Plaintiff served Notices of Depositions for various employees or personnel of the Lowe's Defendants, including Jennifer Phillips (August 22, 2023), Hector Aviles (August 22, 2023), Luis Gomez (August 22, 2023), and the "30(b)(6) representatives" from Lowe's Companies, Inc. (August 22, 2023), Lowe's Home Centers, LLC (August 23, 2023), and Lowe's Home Improvement, LLC (August 22, 2023).

6. On June 5, 2023, Plaintiff served her Answers to the Lowe's Defendants First Set of Interrogatories.

7. On June 5, 2023, Plaintiff served her Responses to the Lowe's Defendants First Set of Requests for Production of Documents.

8. On June 16, 2023, Lowe's received a batch of Plaintiff's medical records from Dynamic Spine & Sport Rehabilitation, and a batch of Plaintiff's medical records from K.D. Finance, LLC.

9. On June 22, 2023, Lowe's received a first batch of Plaintiff's medical records from Las Vegas Neurosurgery, Orthopedics & Rehabilitation.

10. On June 23, 2023, after Lowe's requested a release for employment information, Plaintiff's counsel's paralegal emailed Lowe's counsel to indicate that Plaintiff is retired and, therefore, is not making a wage loss claim in the present litigation.

11. On July 10, 2023, counsel for the Lowe's Defendants sent a meet-and-confer letter to counsel for Plaintiff to address certain responses of Plaintiff to the Lowe's Defendants' First Sets of Interrogatories and Requests for Production of Documents which counsel for the Lowe's Defendants deemed to be deficient and required supplementation.

137275465.2         3

12. On July 25, 2023, the Parties' respective counsel attended a telephone conference to formally meet-and-confer concerning the issues raised in the July 10, 2022 letter. This call did not resolve the issues and counsel for the parties agreed to follow-up after review of the subject discovery to further discuss resolution of the issues raised by counsel for Lowe's, with particular emphasis on discovery addressing Plaintiff's prior medical care and injury history.

13. During the July 25, 2023, call, however, counsel for the parties discussed that three Lowe's entities were sued in this matter and Lowe's counsel's position that two of those entities, Lowe's Companies, Inc. and Lowe's Home Improvement, LLC, are not proper parties with regard to the subject Lowe's store in the present action, due to the corporate makeup of Lowe's. As a result, and in order to prevent unnecessary motion practice and to keep costs down in this litigation for both sides of the case, the parties anticipate submitting an appropriate stipulation to dismiss those two entities without prejudice in the near future.

14. On September 7, 2023, Lowe's served its First Supplement to Rule 26 Disclosures.

15. On September 27, 2023, Plaintiff's counsel's paralegal reached out to Lowe's counsel via email regarding a trial that Plaintiff's counsel's office had set for the weeks of October 23 through November 3, 2023. As a result, Plaintiff's counsel was to be unavailable for discovery purposes in the present action until a date after the trial.

16. On September 28, 2023, counsel for Lowe's replied by email to Plaintiff's counsel's paralegal and the parties came to agreement on working out a new schedule for the present action for depositions and other pending discovery issues in the case.

17. On October 4, 2023, Lowe's received a batch of Plaintiff's medical records from the Injury Center of Nevada.

18. On October 4, 2023, Lowe's received a batch of Plaintiff's medical records from Nicola Chiropractic.

137275465.2                                    4

18. On October 18, 2023, Lowe's served its Second Supplement to Rule 26 Disclosures.

19. On October 18, 2023, Plaintiff's counsel communicated that his office's trial to commence the week of October 23, 2023, was moved to January 2024 and that he has a firm trial setting for November 27 through December 7, 2023, and that these dates will affect the parties ability to conduct discovery in the present action.

20. On October 20, 2023, Lowe's counsel sent a follow-up letter to Plaintiff's counsel setting forth specific written discovery that Plaintiff is being requested to supplement from her initial answers/responses to Lowe's First Set of Interrogatories and Requests for Production of Documents.

21. On October 27, 2023, Lowe's received medical records from the Surgery Center of Nevada.

22. On October 31, 2023, Lowe's served subpoenas on Dr. Kabins, and Plaintiff's employer, Whittlesea Blue Cab.

23. On October 31, 2023, Lowe's served its Third Supplement to Rule 26 Disclosures.

24. On November 7, 2023, Plaintiff served Lowes with Requests for Production and Interrogatories.

25. On November 9, 2023, Lowe's received a batch of Plaintiff's medical records from Caerus Corp (OrthoCor).

26. On November 8, 2023, Lowe's received a CD of Plaintiff's medical records from Las Vegas Neurosurgery Orthopedic Rehabilitation, LLC.

27. On December 13, 2023, Plaintiff served its First Supplement to Rule 26 Disclosures.

28. On December 13, 2023, Lowes's received some of Plaintiff's medical records from Dr. Maria Faylona.

29. On December 13, 2023, Lowe's received an authorization to obtain medical records from Smith Plastic Surgery, Maria Faylona, MD, The Spine Center, 6Radiology, LLC, Advantage

137275465.2                       5

Diagnostic Imaging Center, Dynamic Physical Therapy, Injury Center of Nevada, Las Vegas Neurosurgery Orthopedics and Rehabilitation, Nicola Chiropractic, Complete Injury Management, OrthoCor Medical, Quick Care Medical Devices, LLC, Spine and Orthopedic Interventionalists, Surgery Center of Nevada, and KD Finance.

30. On December 7, 2023, Lowe's served its responses to Plaintiff's Requests for Admissions.

31. On December 18, 2023, Lowe's served its Fourth Supplement to Rule 26 Disclosures.

32. On January 19, 2023, Lowe's received an imaging report from 6Radiology, but they did not still possess the actual imaging from June 28, 2021.

33. On January 24, 2024, Lowe's served its responses to Plaintiff's Interrogatories, Requests for Production and Requests for Admissions.

34. On January 24, 2024, Lowe's received a batch of Plaintiff's medical records from Smith Plastic Surgery.

35. On February 15, 2024, Plaintiff served its Second Supplement to Rule 26 Disclosures.

36. On February 15, 2024, Lowe's received a CD of radiology films from Advantage Diagnostic imaging Center.

37. On February 20, 2024, Lowe's received an additional batch of Plaintiff's medical records from Maria Faylona, MD.

38. On February 28, 2024, Lowe's served its Fifth Supplement to Rule 26 Disclosures.

39. On March 1, 2024, Plaintiff took the deposition of Lowe's employee, Hector Aviles.

40. On March 29, 2024, Lowe's sent out for service fourteen (14) subpoenas to additional medical providers of the Plaintiff which were identified.

137275465.2                                              6

41. On March 29, 2024, counsel for Lowe's sent a letter to counsel for Plaintiff to request a HIPAA release for medical records of Plaintiff which have been identified.

C. **DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED.**

The following discovery remains to be completed in the present action:

1. Deposition of the Plaintiff, to be taken after additional medical records pertaining to prior medical care of Plaintiff are obtained pursuant to pending subpoenas duces tecum.

2. Depositions of percipient witnesses.

3. Depositions of additional Lowe's employees and Lowe's 30(b)(6) witness.

4. Independent Medical Examination of Plaintiff, should case not settle at early mediation.

5. Initial Expert Witness Disclosures, should case not settle at early mediation.

6. Rebuttal Expert Witness Disclosures, should case not settle at early mediation.

7. Expert Witness depositions, should case not settle at early mediation.

D. **REASONS WHY DISCOVERY HAS NOT BEEN COMPLETED.**

The focus of the past few months has been on completing not only discovery related to Plaintiff's alleged injuries and ongoing medical care, but Plaintiff's past injuries and medical conditions and medical treatment related to those past injuries and medical treatment, much of which in earnest has only recently been identified. This phase of discovery has taken longer than expected, due to delays caused by medical providers providing responses to record requests of Lowe's via HIPAA Releases provided by the Plaintiff, which in turn caused delays in identifying additional and previously unknown medical providers.

In addition, based upon the discovery that has been performed to date, the parties have determined that before they delve into expensive expert discovery, including a defense Rule 35 Examination (IME) of the Plaintiff, they believe it would be prudent to first complete depositions of two Lowe's employees whose testimony will allow the parties to determine whether there is a viable basis to continue with the present litigation and/or whether this case could be settled at a

private mediation, which the parties anticipate scheduling to take place within the next sixty (60) to ninety (90) days. Efforts are currently being made by counsel for both parties to contact those two witnesses to schedule their depositions. If counsel for both parties are unable to make contact with the two witnesses in the near future to work out mutually agreeable times to take their depositions, subpoenas will be served and the depositions will be set and taken through those means.

Finally, due to diversity jurisdiction, some witnesses may need to be deposed out of state, such as Lowe's 30(b)(6) deponent, which will require travel time for counsel and additional expense to the parties, and the parties believe it would be prudent to hold off on incurring those expenses until after the aforementioned depositions are completed and the parties have an opportunity to explore resolution through an early, private mediation.

The parties also want the court to know that they have been in regular communication with each other through counsel concerning this matter, and the parties have diligently worked to progress this case in good faith but could not move the case further along as of the present date due to pockets of unavailability of counsel on both sides over the past few months caused by commitments which arose in other, older cases.

Considering all the above, the Parties believe good cause exists for extending the dates set forth in the current Discovery Plan and Scheduling Order. This is only the parties' second request. The parties are not trying to overreach with their request and, therefore, are requesting only one-hundred twenty (120) days at this time, which will allow sufficient time to also attend an early mediation. Should additional time be needed, the parties will meet and confer and petition the court, per the requirements of LR 16-1(a), LR 26-1, and LR 26-3.

/ / /

/ / /

/ / /



E.     **PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY.**

| EVENT | CURRENT DEADLINE (ECF No. 12) | PROPOSED NEW DATES (extended 120 days) |
|---|---|---|
| Amend Pleadings/Add Parties | March 11, 2024 | **July 11, 2024** |
| Initial Expert Disclosures | April 8, 2024 | **August 8, 2024** |
| Rebuttal Expert Disclosures | May 8, 2024 | **September 9, 2024** |
| Interim Status Report | April 8, 2024 | **August 8, 2024** |
| Close of Discovery | June 7, 2024 | **October 7, 2024** |
| Dispositive Motions | July 8, 2024 | **November 8, 2024** |
| Pre-Trial Order[1] | August 5, 2024 | **December 5, 2024** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] If dispositive motions are filed, the deadline for filing the Joint Pretrial Order will be suspended until thirty (30) days after decision on the dispositive motions or further Court Order.

137275465.2                           9

For the foregoing reasons, and for good cause, the Parties respectfully request that this Court extend the current operative discovery plan and scheduling order by one-hundred twenty (120) days as indicated in the above table.

Dated this 29th day of March, 2024.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Marc S. Cwik*
MARC S. CWIK
Nevada Bar No. 006946
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel. 702.893.3383
*Attorneys for Defendants*

Dated this 29th day of March, 2024.

**TANNER LAW FIRM**

*/s/ Jeffrey C. Gunn*
David A. Tanner, Esq.
Nevada Bar No. 8282
Jeffrey C. Gunn, Esq.
Nevada Bar No. 15925
7895 W. Sunset Road, Suite 115
Las Vegas, NV 89113
Tel: 702.987.8888
*Attorneys for Plaintiff*

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 4/2/2024

137275465.2

10